UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PEBBLES MARTIN, individually and on behalf of others similarly situated,**<br>       **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-411** |
| **LCMC HEALTH HOLDINGS, INC., ET AL.,**<br>       **Defendants** | **SECTION: "E" (4)** |

## ORDER AND REASONS

Before the Court is Defendants LCMC Health Holdings, Inc. and Louisiana Children's Medical Center's motion to stay this Court's July 5, 2023 remand order pending appeal.[1] At Defendants' request,[2] the Court expedited hearing on Defendants' motion to stay.[3] Plaintiff timely filed an opposition.[4] For the reasons that follow, Defendants' motion to stay is **DENIED**.

## BACKGROUND

This action stems from Defendants' use of digital tools embedded on its websites, allegedly used to transmit patients' communications on those websites to companies like Facebook and Google, who could then use the personal medical information for targeted advertising.[5] Plaintiff's suit challenges Defendants' use of this embedded tracking code, known as tracking pixels, on their websites.

Plaintiff, individually and on behalf of others similarly situated, filed suit against Defendants on November 10, 2022, in the Civil District Court for the Parish of Orleans,

---

[1] R. Doc. 49.
[2] R. Doc. 50.
[3] R. Doc. 52.
[4] R. Doc. 53.
[5] R. Doc. 18-1 at p. 6.

1

State of Louisiana.[6] In her petition, Plaintiff brings two claims under Louisiana law—for a violation of the Louisiana Wiretapping Act and for Unjust Enrichment.[7]

On February 1, 2023, Defendants removed the suit to this Court on the basis of the federal officer removal statute—28 U.S.C. § 1442.[8] Plaintiff filed a motion to remand on February 28, 2023.[9] On July 5, 2023, the Court granted Plaintiff's motion and remanded the case to state court.[10] On July 28, 2023, Defendants filed a notice of appeal to the United States Court of Appeals for the Fifth Circuit.[11] Defendants now ask the Court to stay its remand order pending appeal to the United States Court of Appeals for the Fifth Circuit.[12]

## LAW AND ANALYSIS

Defendants seek a stay of remand pending appeal to the Fifth Circuit on the basis of Federal Rule of Civil Procedure 62.[13] Plaintiff argues Rule 62 does not provide the Court with the authority to stay its remand order pending appeal.[14] Although the Court finds it does have the authority to stay its remand order, the Court does not find it appropriate to do so here.

### I.   District Court's Authority to Stay Pending Appeal under Rule 62(a)

Federal Rule of Civil Procedure 62(a) provides "execution of a judgment and proceedings to enforce it are stayed for 30 days after its entry, unless the court orders

---

[6] R. Doc. 1-6 at p. 21.
[7] R. Doc. 1-2 at pp. 43-50.
[8] R. Doc. 1.
[9] R. Doc. 18.
[10] R. Doc. 40.
[11] R. Doc. 51.
[12] R. Doc. 49.
[13] *Id*. As their basis for a stay, Defendants implicitly raise Rule 62, because the case law upon which they rely is applying Rule 62. *Nken v. Holder*, 556 U.S. 418, 426 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).
[14] R. Doc. 50.

2

otherwise."[15] The 2018 Advisory Committee Notes provide "Rule 62(a) expressly recognizes the court's authority to dissolve the automatic stay or supersede it by a court-ordered stay."[16] Moreover, "rather than dissolve the stay, the court may choose to supersede it by ordering a stay that lasts longer or requires security."[17] Accordingly, Rule 62(a) provides a district court the authority to grant a stay pending the outcome of an appeal.[18]

Pursuant to 28 U.S.C. § 1447 governing the procedure after removal generally, immediate appeals cannot be taken from orders remanding cases to state court.[19] Section (d) provides "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal . . . , except that an order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of this title shall be reviewable by appeal."[20]

In 2001, the Fifth Circuit held in *Arnold v. Garlock* that because orders remanding cases to state court are not appealable pursuant to § 1447, Rule 62 does not apply to remand orders.[21] Instead, Rule 62 applies only to final judgments, "the result of which may be appealed."[22] As a result, courts within this Circuit have consistently held "a district court. . . has no authority to stay a remand order under Rule 62 of the Federal Rules of Civil Procedure."[23]

However, in 2011, § 1447(d) was amended. "Prior to its amendment in 2011, § 1447(d) lacked any explicit reference to actions originally removed pursuant to § 1442"—

---

[15] Fed. R. Civ. P. 62(a).
[16] Fed. R. Civ. P. 62(a) 2018 Advisory Committee Notes.
[17] *Id.*
[18] *See id.*
[19] 28 U.S.C. § 1447 (2018).
[20] *Id.*
[21] *Arnold v. Garlock, Inc.*, 278 F.3d 426, 437 (5th Cir. 2001).
[22] *Id.*
[23] *Schexnayder v. Entergy LA Inc.*, No. 03-2765, 2003 WL 25735531, at *1 (E.D. La. Dec. 19, 2003).

3

the federal officer removal statute.[24] However, after the 2011 amendments, "the plain language of 28 U.S.C. § 1447(d) [makes clear] an order remanding a case originally removed from State court pursuant to 28 U.S.C. § 1442 is appealable."[25] The 2011 amendments thus raise a question of whether orders remanding a case removed on the basis of the federal officer removal statute are subject to a stay pursuant to Rule 62(a).

Since the 2011 amendments, the jurisprudence on the issue has been extremely limited.[26] However, at least one court has held Rule 62(a) is applicable to orders of remand on the basis of the federal officer removal statute.[27] In *Northrop Grumman Technical Services, Inc. v. DynCorp International, LLC*, the United States District Court for the Eastern District of Virginia was faced with the question of whether Rule 62(a) applies to orders remanding cases removed from State court pursuant to the federal officer removal statute.[28] The court noted that after the 2011 amendments, "[u]nder Fourth Circuit precedent and the plain language of 28 U.S.C. § 1447(d), an order remanding a case originally removed from State court pursuant to 28 U.S.C. § 1442 is appealable."[29] The *Northrup* court thus considered:

> Federal Rule of Civil Procedure 54(a) is equally clear that a "judgment" is defined as "any order from which an appeal lies" for purposes of the Rules. It follows that an order remanding a case which had previously been removed under a claim of §1442 removability is a "judgment" for purposes of the Federal Rules of Civil Procedure.[30]

---

[24] *Northrop Grumman Tech. Servs., Inc. v. DynCorp Int'l LLC*, No. 1:16cv534(JCC/IDD), 2016 WL 3180775, at *1 (E.D. Va. June 7, 2016).
[25] *Id.* at *2.
[26] The Court is aware of only two district court cases addressing this issue. *See Northrop*, No. 1:16cv534(JCC/IDD), 2016 WL 3180775, at *2 (holding a stay under Rule 62(a) of an order to remand based on § 1442 was proper, post 2011 amendments); *James v. P M G O P C O*, No. 21-cv-2047, 2022 WL 4351998, at *1 (W.D. La. Sept. 19, 2022) (holding the court did not have the authority to grant stay of a remand order, despite the removal being pursuant to § 1442, but citing *Arnold* as binding authority, without addressing the 2011 amendments).
[27] *Northrop*, No. 1:16cv534(JCC/IDD), 2016 WL 3180775, at *2.
[28] *Id.*
[29] *Id.*
[30] *Id.*

4

The Court concluded that, based on the above, "Federal Rule of Civil procedure 62(a) applies to orders remanding cases removed from State court pursuant to 28 U.S.C. § 1442."[31]

The Fifth Circuit has not been given the opportunity to revisit the issue since its ruling in *Arnold*, decided ten years prior to the 2011 amendments to §1447(d). In the absence of further guidance, the Court finds the reasoning employed by the Eastern District of Virginia in *Northrup* highly persuasive. Accordingly, the Court finds it has the authority under Rule 62(a) to enter a permanent stay pending appeal of a remand order, when removal was sought pursuant to the federal officer removal statute.

## II.     Factors Warranting a Stay

Although the Court has held it has the authority to stay this Court's remand order pending appeal, Defendants must still carry their burden of demonstrating they are entitled to such a stay.[32] The Court finds Defendants have failed to do so.

The United States Supreme Court has articulated the following factors to guide a district court's analysis of whether a stay is appropriate under Rule 62: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of a stay will substantially injure [other interested parties]; and (4) where the public interest lies."[33] "The first two factors of the traditional standard are the most critical."[34] "A stay is

---

[31] *Id*. Although *Northrup* was decided in the context of a temporary stay, the reasoning employed applies with equal force to permanent stays under Rule 62(a). *Id*.
[32] *See Tenn. Ex rel. Slatery v. Tenn. Valley Auth*., No. 3:17-cv-01139, 2018 WL 3092942 (M.D. Tenn. June 22, 2018) (applying the traditional four factors in determining whether a permanent stay of a remand order was appropriate, pursuant to Rule 62(a)); *Lightbourn Equip. Co. v. Perkins Engines, Inc*., 39 F. Supp. 2d 785 (D. Mon. 1999) (holding that even though an exception to the general rule that a court could not stay a remand order was applicable, the defendant failed to demonstrate the factors were met).
[33] *Nken v. Holder*, 556 U.S. 418, 434 (2009); *see also United States v. Alisal Water Corp*., 326 F. Supp. 2d 1032, 1039 (N.D. Cal. 2004) (noting a party seeking a stay under Rule 62(a) must meet the standard governing injunctions).
[34] *Nken*, 556 U.S. at 434.

5

not a matter of right, even if irreparable injury might otherwise result," but rather "[i]t is instead 'an exercise of judicial discretion,' and '[t]he propriety of its issue is dependent upon the circumstances of the particular case.'"[35]

Defendants have failed to carry their burden on the first element—that they have made a strong showing of success on the merits. To carry their burden, Defendants must make a strong showing of success on the merits on appeal.[36] "It is not enough that the chance of success on the merits be 'better than negligible.'"[37] "Success on [this] factor requires that the stay seeker make a *strong* not merely 'possible' showing."[38]

In support of this element, Defendants first argue "[t]he first two federal judges to look at this factual record held that the broad language of 28 U.S.C. § 1442(a)(1) should apply."[39] The Court addressed Defendants' reliance on those cases in detail in its July 5, 2023 Order remanding the case.[40] There, as here, the Court found the reasoning employed in those two decisions unpersuasive and joined the ten other district court decisions that held to the contrary.[41] Defendants have provided the Court with no reason to revisit its July 5, 2023 decision on this issue. Moreover, based on the nationwide rejection of the reasoning employed by the first two cases to take up the issue,[42] Defendants have not convinced the Court these two decisions provide Defendants with a *strong* likelihood of success on appeal.

---

[35] *Id.* at 433.
[36] *Id.* at 434.
[37] *Id.*
[38] *Alliance for Hippocratic Medicine v. FDA*, No. 23-10362, 2023 WL2913725, at *4 (5th Cir. Apr. 12, 2023) (emphasis added).
[39] R. Doc. 49-1 at p. 4.
[40] R. Doc. 40.
[41] *Id.* at pp. 4-6.
[42] *Id.*

Second, Defendants argue "the Court concluded that LCMC is not facing liability for making patient records available online *per se*, so much as using analytical tools on its website."[43] Defendants argue:

> The whole of the Internet is based on third-party communication, however. Thus, some communication is going to be made to some third-party ever time a visitor visits any website, merely for the Internet to function. Through her complaint, Martin is asking the judiciary to pick and choose which of these third-party communications are appropriate, and which one sare not, including with respect to a click on LCMC Health's patient portal link in particular.[44]

Accordingly, Defendants contend:

> The Supreme Court has made plain that under 28 U.S.C. § 1442(a)(1) this type of line-drawing is a federal judicial function: "If the question raised is whether they were engaged in some kind of 'frolic of their own' in relation to respondent, then they should have the opportunity to present their own version of the facts to a federal, not a state, court. This is exactly what the removal statute was designed to accomplish."[45]

It is true that this Court found Defendants failed to establish that their charged conduct—the use of tracking pixels and release of information to third parties—was related to a federal directive, and that if any federal directive *did* exist, which the Court held it did not, it was only as to the patient portals, not as to the alleged tortious behavior.[46] Critically, however, Defendants ignore the Court's other holding—that Defendants did not establish they acted under a federal officer's direction by merely participating in a voluntary incentive program.[47] Even if the Court was persuaded at this stage by Defendants' argument above, Defendants cannot show a strong likelihood of success on the merits, because Defendants are still unable to show they acted under a federal officer's direction in taking *any* action, because no federal directive existed.

---

[43] R. Doc. 49-1 at p. 5.
[44] *Id.* at pp. 5-6 (internal citations omitted).
[45] *Id.* at p. 6.
[46] *Id.* at p. 9.
[47] *Id.* at p. 8.

7

Finally, to the extent Defendants argue the fact that this issue has yet to be decided by any appellate court allows them to carry their burden on the first element—commonly referred to as an "issue of first impression" argument—courts have frequently held the mere fact an issue is one of first impression is insufficient to demonstrate a party has a likelihood of success on the merits.[48]

Accordingly, because Defendants are unable to demonstrate a strong likelihood of success on the merits, the Court finds a stay of this Court's July 5, 2023 Order is not warranted.

## CONCLUSION

**IT IS ORDERED** that Defendants' motion to stay[49] is **DENIED.**

New Orleans, Louisiana, this 11th day of August, 2023.

*[signature]*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[48] *See So. Appalachian Mountain Stewards v. A&G Coal Corp.*, No. 2:12CV00009, 2013 WL 5149792, at *2 (W.D. Va. Sept. 13, 2021) ("It is difficult to imagine how A&G might establish a likelihood of success on the merits of its appeal when no other court, let alone a court of appeals, has ever examined the question that forms the basis of its appeal."); *Alisal Water Corp.*, 326 F. Supp. at 1039 (rejecting the defendants' argument that the fact that the Court's ruling was a matter of first impression, without demonstrating a probability of success, was sufficient to carry the defendants' burden); *Slatery*, No. 3:17-cv-01139, 2018 WL 3092942, at *5 n.11 (finding an "issues of first impression" argument is not the appropriate legal standard for likelihood of success on the merits, because, if it were, "the number of stayed cases would be astounding"); *Golden Eagle Refin. Co., Inc. v. United States*, 4 Cl. Ct. 622, 624 n.3 (Cl. Ct. 1984) (rejecting plaintiff's argument that a stay is appropriate where plaintiff makes only a "bare assertion that the issues in this case are of first impression in this court, and therefore the court should maintain the *status quo* until the [appellate court] can decide the matter"). *But see United States v. Eleven Vehicles*, No. 91-6779, 1995 WL 635332, at *3 (E.D. Penn. Oct. 24, 1995) (finding the first factor was inconclusive where the issue on appeal was "both nationally a novel one and, in this Circuit, one of first impression"); *Sweeney v. Bond*, 519 F. Supp. 124, 132 (E.D. Mo. 1981) ("Clearly, any trial judge is reluctant to find that a substantial likelihood exists that he or she will be reversed. As a result, trial courts have issued or stayed injunctions pending appeal where such action was necessary to preserve the status quo or where the legal questions were substantial and matters of first impression.").
[49] R. Doc. 49.